Contracts; road construction contract; supplemental timber sale contract; drop in timber price; fair market value.— Plaintiff contracted with the Bureau of Public Eoads, Department of Transportation, to construct a timber access road near Coos Bay, Oregon. The contract required plaintiff to enter into a second contract with the Bureau of Land Management, Department of Interior, for the purchase of the right-of-way timber to be cut during road construction, the prospectus of the supplemental timber contract providing that no sale would be made for less than the total appraised price and that plaintiff was to purchase an estimated vol-* ume of 625 thousand board feet at an appraised price of $102 per 1000 board feet. Shortly after the timber contract award the timber market declined substantially, plaintiff requested reappraisal of the $102 price consistent with current market conditions, its request and further appeals were denied, and it sold the timber for $75 per 1000 board feet. Plaintiff seeks here the difference between the contract price and the proceeds of the resale, contending that the $102 appraised price was unreasonably in excess of fair market value as of the date the road contract was awarded in view of 43 U.S.C. § 1181a (1970) providing'that' the Government sell annually as much timber, within stated limitations, as “can' be sold at reasonable prices on a normal market.” Trial Judge David Schwartz on August 12, 1974 filed a recommended decision (reported in full at 20 CCF para. 8323) concluding that as of the date on which the road contract wás awarded the fair market value was $75, but that the appraisal was not unreasonable either on the date it was made or .on the date of publication of the Invitation for Bids; that defendant cannot be held responsible for market fluctuation occurring *874 after appraisal; that there is no basis for reformation of the contract — there was no mutual mistake of fact, no mistake by plaintiff of which the Government should have known and no unconscionable conduct on defendant’s part; and that plaintiff, with access to available information on market conditions equal to that of defendant, acted unreasonably in relying on the continuing validity, to the time of its bid, of defendant’s appraisal as a reasonable estimate of fair market value. This case came before the court on defendant’s motion for judgment, plaintiff having failed to file a notice of intention to except to the recommended decision of the trial judge. Since the court agrees with the recommended decision, on November 22,1974 the court granted defendant’s motion, adopted the recommended decision as the basis for its judgment in this case, concluded that plaintiff is not entitled to recover and dismissed the petition.